```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CLICK MODEL MANAGEMENT, INC.          :
                                       :    MEMORANDUM AND ORDER
              Plaintiff,               :    06-CV-660 (LBS)
                                       :
v.                                     :
                                       :
HILARY RHODA a/k/a Hilary St. Clair,   :
                                       :
              Defendant.               :
--------------------------------------------------------x
```

Sand, J.

Before the Court is a motion by Defendant to dismiss the case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant claims that the parties are not diverse and thus alleges the absence of subject-matter jurisdiction in this breach of contract case. Plaintiff is a New York corporation. Defendant Rhoda claims to be domiciled in New York; Plaintiff claims that Rhoda is a Maryland domiciliary. After hearing argument from the parties the Court granted limited discovery on the issue of jurisdiction. The Court now takes up the merits of the motion to dismiss and grants the motion.

FACTS

Defendant is a 19-year old model who moved from Maryland to New York City to advance her modeling career three months before the complaint was filed. She lived in (and continues to live in) an apartment on Fifth Avenue in Manhattan. She co-signed a one-year lease on August 31, 2005. The lease remained in effect at the time the Complaint was filed on January 27, 2006. But in light of being a 19-year old lessee at the time of her filing, the itinerant nature of modeling, and other facts (for example, Rhoda directed that some checks be sent to an address in Maryland while she moved), Plaintiff claims that Rhoda remained domiciled in Maryland.

DISCUSSION

The burden is on Plaintiff to establish diversity jurisdiction. See United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (when "jurisdictional facts are challenged, the party asserting jurisdiction must

1

support those facts with 'competent proof'" and substantiate the jurisdictional allegations by a preponderance of evidence (quoting McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936))). An individual's citizenship, within the meaning of the § 1332, is determined by his or her domicile, Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000), and one's domicile is shown via residence and an intent to remain there. See Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 383 (1904) (to change domiciles, "'two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there").

Moore's Federal Practice lists more than 20 factors to be considered in determining a party's domicile, including the party's voting registration; place of business; current residence; affidavits of intention; payment of taxes; receipt of mail; and location of business and financial interests. See 15 James Wm. Moore et al., Moore's Federal Practice § 102.36 (3d ed. 2000). All of these factors and more favor Rhoda. Rhoda has shown that her voting registration is in New York, her modeling agency is based in New York, she currently resides in New York and intends to stay, she has requested documents to file a New York tax return, and she receives her mail in New York. Plaintiff contends that Defendant's answers to Plaintiff's interrogatories reveal merely an intent to reside in New York for the "limited purpose" of pursuing a modeling career. Whether Rhoda's career is ultimately limited or lengthy, the facts reflected in the answers to the interrogatories confirm Rhoda's stated intention to remain in New York and not simply to maintain an apartment there while truly remaining a Maryland domiciliary. As Rhoda is a New York domiciliary, diversity jurisdiction is absent in this case and accordingly the motion is granted and the case is dismissed.

SO ORDERED

Dated: June 22, 2006
New York, New York

_____
U.S.D.J.

2